# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RHONDA M. ELLIOTT,                )
                                  )
        Plaintiff,        )
                                  )
v.                                ) No. 09-00145-CV-W-FJG-SSA
                                  )
MICHAEL J. ASTRUE,                )
Commissioner, Social Security     )
Administration                    )
                                  )
        Defendant.        )

# ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI. 42 U.S.C. §§ 401 et seq. and 1381 et seq. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On July 5, 2008, following a hearing, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On December 22, 2008, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we

consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006), citing, McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000).

Plaintiff argues that the ALJ erred in failing to properly evaluate plaintiff's credibility and in finding that plaintiff could perform a full range of sedentary work. The Court agrees and finds that the ALJ improperly analyzed plaintiff's credibility. The Court finds that the inconsistencies cited by the ALJ in his decision are not supported by the record. The Court also finds that the ALJ improperly determined plaintiff's residual functional capacity. The ALJ relied solely on the opinion of a State Agency medical consultant who reviewed the evidence and completed a Physical Residual Functional Capacity Assessment in September 2006. However, this was over a year before plaintiff underwent heart surgery to replace her mitral valve. There was no assessment done after plaintiff's surgery. Additionally, when a claimant suffers from non-exertional impairments, the Medical Vocational Guidelines may not be solely relied upon and the ALJ should have requested vocational expert testimony.

Plaintiff asks that the Court reverse this decision and award her benefits. Rather, the Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to properly assess plaintiff's credibility and to correct determine her residual functional capacity.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final

decision of the ALJ is hereby **GRANTED** (Doc. # 10) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date:  08/31/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge